**Robert A. SCOTT et al.**

v.

**Emmett LACK et al.**

**Civ. A. No. 6640.**

United States District Court,
E. D. Texas,
Beaumont Division.

Sept. 21, 1971.

oral argument was held before the Court.

Hardin County, Texas, is organized under the laws of the State of Texas, and is located within the Eastern District of Texas. The plaintiffs are bona fide residents of Hardin County, Texas. The defendants comprise the duly elected County Judge, County Commissioners, Sheriff, County Clerk and Board of Elections of Hardin County, Texas.

Prior to August 24, 1970, the Commissioners' Precincts of Hardin County, Texas, were so divided by law that Precinct Number One represented approximately 44% of the population of said County, Precinct Number Two represented approximately 35% of the population of said County, Precinct Number Three represented approximately 9% of the population of said County and Precinct Number Four represented approximately 12% of the population of said County.

On August 24, 1970, the Commissioners' Court of Hardin County, Texas, adopted a "Resolution Realigning Boundaries of Road Commissioners' Precincts" to be and take effect January 1, 1971. Said resolution reapportioning Road Commissioners' Precincts was predicated upon the preliminary 1970 decennial census conducted by the U. S. Department of Commerce, Bureau of Census, together with the Commissioners' Court's own study and investigation. Based thereon, this Court finds: (a) that the population of said County was 28,618; (b) that one-fourth of the total population of said County was 7154.5 persons; (c) that in accordance with said resolution Precinct Number One represented 7,124 persons, Precinct Number Two 7,170 persons, Precinct Number Three 7,167 persons, Precinct Number Four 7,157 persons, and the ratio of the largest to the smallest Precinct is 1.006 to 1.

The Commissioners' Court of Hardin County, Texas, is empowered by law, "from time to time" to divide the County into four Commissioners' Precincts, as

Earl B. Stover, and Lee Roger Ratliff, Silsbee, Tex., for plaintiffs.

Robert Q. Keith, Mehaffy, Weber, Keith & Gonsoulin, Beaumont, Tex., for defendants.

## MEMORANDUM DECISION

STEGER, District Judge.

The plaintiffs in this cause of action filed suit against the Commissioners' Court of Hardin County, Texas, and others, alleging that the Commissioners' Precincts were not divided on a geographic basis to give proportionate representation to the people of Hardin County, Texas. The case was duly heard, briefs submitted to the Court and

was done by the resolution and order of August 24, 1970.

At the general election held in November, 1970, Commissioners were elected to serve Precincts Number Two and Number Four.

Because of the disparity in the population and people actually served by Commissioners elected from Precincts Number Two and Four before and after the order of redistricting adopted August 24, 1970, more than one-third of the persons represented by said Commissioners elected in 1970 were not eligible and did not have an opportunity to participate in the electoral process leading to the election of such officials.

The Commissioners' Court of Hardin County, Texas, is lawfully empowered to divide the County in four Commissioners' Precincts "for the convenience of the people".

■ The order of the Commissioners' Court of August 24, 1970, realigning boundaries of Road Commissioners' Precincts is in all respects valid and lawful and grants to each person in Hardin County, Texas, "equal protection" assured by the Fourteenth Amendment to the Constitution of the United States.

■ The order of the Hardin County Commissioners' Court, August 24, 1970, realigning Road Commissioners' Precincts assures "equal representation" for equal numbers of people and is based upon total population figures derived from a Federal decennial census, which is a constitutionally permissible basis for apportionment.

The order of the Commissioners' Court of Hardin County, Texas, dated August 24, 1970, realigning boundaries of Road Commissioners' Precincts is a lawful exercise of a governmental function, and is a reasonable and rational division of the County.

The Court carefully studied the plan submitted by the Citizens' Committee appointed by the Commissioners' Court and presided over by Dr. George Tennison. Since this was a group appointed by the officials of Hardin County, Texas, to do a specific job, to-wit: realigning the Commissioners' Precincts, the Court would have preferred to follow the "Tennison Plan" of realigning the Commissioners' Precincts, as recommended by the Citizens' Committee, for the reason that it would logically seem to express the wishes of the citizens of the County on a broad basis. However, the Court found in studying the "Tennison Plan" that it would be difficult to implement since in some instances the Precinct lines did not follow natural boundaries such as survey lines, highways, county roads, pipe lines or creeks. Additionally, the "Tennison Plan" did not follow census enumerator districts adequately enough to convince the Court that equal representation would be brought about in each of the four Commissioners' Precincts on the basis of population. The plan adopted by the Commissioners' Court did follow census enumerator districts in the main, and therefore appears to the Court to be a more accurate division as to population.

The order of the Commissioners' Court of Hardin County, Texas, dated August 24, 1970, realigning boundaries of Road Commissioners' Precincts is and shall be effective from January 1, 1971.

■ Equal protection can only be assured persons residing in Commissioners' Precincts Number One, Two, Three and Four, Hardin County, Texas, by declaring vacant the office of Commissioners of said Precincts as of January 1, 1973, and providing further that such vacancies shall be filled by election in the regular electoral process to be conducted in the primaries and general election in 1972, as follows: The election as to Precincts One and Three shall be for terms of four (4) years. The election as to Precincts Two and Four shall be for terms of two (2) years. The Court is ordering an election as to all Precincts in 1972 for the reason that the Court is of the opinion that it would be grossly unfair to those voters whose Precincts have been realigned since the 1970 election was held to deny them the

right to vote for the Commissioner of their choice.

The Court is of the opinion that the entire costs of this proceeding should be borne by the defendant, Hardin County, Texas.

The Court is of the opinion that the plaintiffs are not entitled to attorneys' fees.

This Memorandum Decision shall constitute the Court's Findings of Fact and Conclusions of Law, pursuant to Rule 52, Federal Rules of Civil Procedure.